UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DARYLL BOYD JONES,

               Plaintiff,

        - against -

STATE OF NEW YORK and THE JUDGES OF
THE APPELLATE DIVISION: SECOND
JUDICIAL DEPARTMENT OF THE STATE
OF NEW YORK,

               Defendants.
--------------------------------------------------------x

                           **MEMORANDUM & ORDER**
                          21-CV-3776 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Daryll Boyd Jones ("Jones"), a suspended attorney proceeding *pro se*, [1]

commenced this action under 42 U.S.C. Section 1983 ("Section 1983"), against Defendants State

of New York ("New York") and the Judges of the Appellate Division of the Second Judicial

Department of the State of New York (the "Judges"), for alleged violations of state and federal

law arising out of Defendants' denial of his applications and appeals for readmission to the practice

---

[1] Although Plaintiff is representing himself, as a practicing lawyer, he is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. *Jones v. New York*, 2019 WL 96244, at *1 (citing *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *Othman v. City of New York*, No. 13-CV-4771, 2018 WL 1701930, at *4 (E.D.N.Y. Mar. 31, 2018); *Heller v. Emanuel*, No. 07-CV-1393, 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007) (declining to read liberally the pleadings of a disbarred attorney proceeding *pro se*)).

of law. (*See* Dkts. 1, 10.)[2]  Defendants jointly move to dismiss Plaintiff's Amended Complaint ("Am. Compl.") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that Plaintiff's action is barred by the Eleventh Amendment, absolute judicial immunity, the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. (*See generally* Defendants' Motion to Dismiss, Dkt. 25-5.)  For the reasons explained below, the Court grants Defendants' motion and dismisses this matter.

## BACKGROUND

### I.   Factual Background

Plaintiff Daryll Boyd Jones was admitted to practice law in the state of New York on July 26, 1993. (Am Compl., Dkt. 10, at 13.)  On April 1, 2018, Plaintiff was ordered suspended from the practice of law for five years when the Second Department's Appellate Division confirmed a Special Referee's decision to sustain 11 charges of unprofessional conduct initially filed against Plaintiff by the Grievance Committee for the Second and Eleventh Judicial Circuits of New York State.  *See In re Jones*, 855 N.Y.S.2d 212 (N.Y. App. Div. 2008).[3]

---

[2] The Court notes that deep in the body of his Amended Complaint, Plaintiff describes the judges of the Appellate Division, First Judicial Department as the "Second Defendant Judges" (Dkt. 10, at 13), even though he does not name them in the case caption (*id.* at 1), does not list them as a defendant in the designated "Defendant(s)" section of the *pro se* complaint form (*id.* at 2), and does not explicitly state any claims against them even where he does mention them ("[W]hile the second defendants (1st Judicial Dept) may not be responsible directly for the actions of the first defendants (2nd Judicial Dept)" for the violations alleged in this lawsuit, the First Judicial Department "admitted [] Plaintiff to practice law" in 1993 and suspended him in 2008 (*id.* at 13).  Plaintiff also never references the judges of the First Department in any other briefing in this case.  The Court therefore does not consider the First Department judges as having any role in this case.

[3] The Court takes judicial notice of the existence of the state court proceeding that resulted in Plaintiff's suspension.  *See Glob. Ntwk. Comms., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (explaining that at the motion to dismiss stage, a court may take judicial notice of public records, including documents from another court proceeding, but only to establish the existence of the opinion—not for the facts asserted therein).

Plaintiff's suspension ended in 2013.  (Dkt. 10, at 5).  That year, he took, and passed, the

Multistate Professional Responsibility Examination ("MPRE"), as required by New York State

law.  (*Id.* at 7 (Plaintiff passed MPRE on April 6, 2013).)[4]  Between 2013 and 2018, Plaintiff

moved for reinstatement of his New York law license six times, and was denied each time by the

Second Department, Appellate Division, "without . . . any legal or ethical reason" being given.

(Dkt. 10, at 3–5; Dkt. 1, at ECF[5] 35.)  On September 8, 2018, the New York Court of Appeals

denied Plaintiff's appeal of the Appellate Division's 2017 dismissal, finding that "the order

appealed from does not finally determine the proceeding within the meaning of the Constitution."

(Dkt. 10 at 5, 9); *see also In re Jones*, 32 N.Y.3d 944 (2018).  In 2018, Plaintiff brought an action

in this District, pursuant to 42 U.S.C. § 1983, alleging that "the State of New York violated his

---

[4] A number of documents were appended to Plaintiff's original Complaint (Dkt. 1, at ECF 13–49.)  Plaintiff later filed an Amended Complaint without attaching these documents.  (*See generally* Dkt. 10.)  Although on a motion to dismiss the Court is not compelled to consider documents appended to a complaint, the Court takes judicial notice as to one document in particular that is integral to Plaintiff's Amended Complaint (even though not re-filed with it): a December 11, 2020 letter from the Second Judicial Department denying Plaintiff's motion for reinstatement.  (Dkt. 1, at ECF 35.)  *See Fleurentin v. New York City Health & Hosp. Corp.*, 2020 WL 42841, at *3 (E.D.N.Y. Jan. 3, 2020) ("A court limits its consideration to the factual allegations in plaintiff's amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.") (cleaned up) (quoting *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007)); *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (courts may consider "documents that, although not incorporated by reference, are integral to the complaint") (internal quotation marks omitted) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).  "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  The December 2020 letter, *inter alia*, lists the dates on which Plaintiff's first four motions for reinstatement were previously denied (in 2013, 2015, 2016, and 2017), as well as the dates on which his motions to renew and re-argue his 2013 and 2017 motions were denied (2014 and 2018, respectively).  (Dkt. 1, at ECF 35.)  Plaintiff's Amended Complaint clearly "relies heavily upon its terms and effect."

[5] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

constitutional rights by failing to reinstate his law license." *Jones v. New York*, No. 18-CV-7241 (AMD), 2019 WL 96244, at *1 (E.D.N.Y. Jan. 3, 2019).  The Court (Donnelly, J.) dismissed Plaintiff's complaint on grounds that "the State is immune from suit" under the Eleventh Amendment and "[n]one of the limited exceptions to state sovereign immunity apply." (*Id.* at *1– 2.)

In 2020, Plaintiff reapplied yet again for readmission to the New York Bar, and in December 2020, Plaintiff's application was again denied with leave to renew upon providing proof of timely passage of the MPRE.  (Dkt. 10, at 4; Dkt. 1, at ECF 35 (Second Judicial Department 12/10/20 letter advising Plaintiff that his motion was "denied with leave to renew upon providing proof of timely passage of the MPRE, as required by 22 NYCRR 1240.16(b), and completion of sufficient CLE credits in accordance with 22 NYCRR 691.11(a)").)   Plaintiff again appealed to the New York Court of Appeals, and just as in 2018, that Court declined to review the Appellate Division's dismissal.  (Dkt. 10, at 9.)

## II.    Procedural History

On July 2, 2021, Plaintiff filed his initial Complaint alleging that Defendant State of New York had, by virtue of its repeated denials of his readmission applications, violated a number of his constitutional rights under 42 U.S.C. § 1983.  (*See generally* Dkt. 1.)  On December 14, 2021, Plaintiff filed an Amended Complaint adding the Judges as Defendants alongside the State of New York; the Amended Complaint is otherwise virtually identical to the original.  (*See generally* Dkt. 10).  Plaintiff alleges that Defendants "discriminate[d] against the Plaintiff" by "den[ying] his application for readmissions without legal explanation, without reason and just legal cause" and requiring him to retake the MPRE, "despite Plaintiff having met **_all_** the qualifications for readmission[.]"  (*Id.* at 10 (emphasis in original).)  Plaintiff's rambling Amended Complaint seems

to argue that Defendants' actions violated the Equal Protection, Due Process, Confrontation, and Privileges and Immunities clauses of the United States Constitution, and he alludes vaguely to violations of 22 New York Codes, Rules and Regulations ("NYCRR") Section 1240.16(b) and the New York State Constitution. (*Id.* at 7–8, 10–11.) Plaintiff seeks various types of monetary and injunctive relief, including expungement of his disciplinary record, readmission to the New York State Bar, and an order preventing Defendants from requiring him to retake the MPRE or otherwise "undermining Plaintiff's legal career[.]" (*Id.* at 13.)

On January 14, 2022, Defendants moved for a pre-motion conference regarding its proposed motion to dismiss. (Dkt. 14.) The Court denied Defendants' request as unnecessary and granted Defendants leave to file a motion to dismiss Plaintiff's Amended Complaint. (*See* 1/21/2022 Order.) On May 16, 2022, Defendants jointly filed a motion to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Dkts. 25-1–5, at 1.) Defendants argue Plaintiff's claims are barred by the Eleventh Amendment, absolute judicial immunity, the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. (Dkt. 25, at 1.)

## LEGAL STANDARDS

### I.      Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance

of the evidence that it exists[,]" *Makarova*, 201 F.3d at 113.  Furthermore, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (cleaned up).

## II.      Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729–30 (2d Cir. 2013).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).  In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp*., 712 F.3d at 717 ("Although for the purposes of a motion to

dismiss we must take all of the factual allegations in the complaint as true, we are not bound to

accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and

citation omitted)). "While legal conclusions can provide the framework of a complaint, they must

be supported by factual allegations." *Pension Benefit Guar. Corp*., 712 F.3d at 717 (quoting *Iqbal*,

556 U.S. at 679).

## DISCUSSION

## I.    Sovereign Immunity

Defendants argue that Plaintiff lacks subject-matter jurisdiction over all Defendants

because the Eleventh Amendment of the United States Constitution grants them sovereign

immunity from Plaintiff's claims. (Dkt. 25-5, at ECF 15–21.) Plaintiff contends that none of the

Defendants are covered by sovereign immunity. (Dkt. 25-9, at ECF 12–19.) Although his wide-

ranging opposition brief traverses a broad array of authorities and arguments that are sometimes

difficult to follow, Plaintiff's most responsive rebuttal is that Defendants are suable under the

exception to sovereign immunity created by *Ex parte Young*, 209 U.S. 123 (1908), because he

seeks "prospective, injunctive relief from violations of federal law." (Dkt. 25-9, ECF 3 (citing *In

re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).) Defendants argue that *Ex parte Young*

does not undermine sovereign immunity here because Plaintiff's allegations as to the Judges seek

to address past conduct (*i.e.*, overturning Plaintiff's past reinstatement application denials and

expunging his disciplinary history) and violations of state law. (Dkt. 25-5, at ECF 19–21; Dkt. 25-

6, at ECF 16–17.)

### A.  Legal Standard

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "Although not clear from the terms of the [Eleventh] [A]mendment, the Supreme Court has interpreted this language to bar suit against a state by its own citizens." *Islander E. Pipeline Co., LLC. v. Conn. Dep't of Env'l Prot.*, 482 F.3d 79, 88–89 (2d Cir. 2006); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54(1996) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  Under the well-known exception to this rule first set forth in *Ex parte Young*, however, "a plaintiff may sue a state official acting in his official capacity . . . for prospective, injunctive relief from violations of federal law." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *In re Deposit Ins. Agency*, 482 F.3d at 617). However, the exception established in *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citation omitted).

## B.  Analysis

Plaintiff's prospective claims against the State of New York must be dismissed "because they do not conform to the requirement, established in *Ex parte Young*, that a plaintiff seeking prospective or injunctive[] relief from the state must name as defendant a state official rather than the state itself or a state agency." *Loren v. State of New York*, No. 94-7890, 1995 WL 763009, 402 (2d Cir. 1995).  Defendant State of New York therefore is immune from all claims alleged by Plaintiff, and is dismissed from this action.  Because the Appellate Division is a state agency, Defendant Second Judicial Department too is immune from suit and is dismissed from this action. *See M.M. v. N.Y. State Ct. of Appeals*, No. 21-2924, 2022 WL 1565694, at *2 (2d. Cir. May 18, 2022) (upholding dismissal of plaintiff's complaint alleging misconduct against various New York

State judicial entities who disciplined him for attorney misconduct) (citing *Loren*, 1995 WL 763009, at \*1 and *Napolitano v. Saltzman*, 315 F. App'x 351, 351 (2d Cir. 2009)).

There remains a question, however, as to whether sovereign immunity applies to the Judges, whom Plaintiff names individually and accuses of committing ongoing violations of federal law.  Plaintiff cites *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d at 96, for the proposition that his reinstatement as a lawyer satisfies the "ongoing violation of federal law" requirement for relief from sovereign immunity under *Ex parte Young*.  (Dkt. 25-9, at ECF 15–17).  Indeed, the Second Circuit in *Rowland* found that in "[e]very Circuit to have considered the issue, including our own . . . claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar."  *Rowland*, 494 F.3d at 96 (collecting cases); *see also Zeigler v. New* York, 948 F. Supp. 2d 271, 282 (N.D.N.Y. 2013) (allowing claims for prospective injunctive relief against individual judge defendant to survive sovereign immunity summary judgment motion, subject to finding of no judicial immunity).  Notwithstanding the fact that *Rowland* and the cases it cites involved alleged ongoing violations of the right to employment by the state (rather than a professional license) as well as other potential distinguishing factors, more recent precedent challenges the notion that *Ex parte Young* exempts individual state court judges from sovereign immunity.  *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 531–34 (2021); *see also M.M. v. N.Y. State Ct. of Appeals*, 2022 WL 1565694, at \*2 ("Indeed, the Supreme Court has recently reaffirmed that a[n] [*Ex Parte*] *Young* suit may not be brought even against individual state-court *officials* such as judges and clerks[.]") (emphasis in original).  However, because, as discussed below, Plaintiff's claims against the Judges are barred by judicial immunity, the Court need not, and declines to, decide whether sovereign immunity applies to the Judges.

## II.    Judicial Immunity

Defendants argue that the Judges are shielded by absolute judicial immunity against Plaintiff's claims, which they say involve the quintessentially judicial acts of "rendering determinations on [Plaintiff's] suspension and denying reinstatement[.]"  (Dkt. 25-5, at ECF 22.) They argue that the Appellate Division is granted jurisdiction over attorney disciplinary matters by both Article VI of the State Constitution and multiple state laws, and that courts "have routinely dismissed actions against judges who were sued for their involvement in attorney disciplinary proceedings."  (*Id.* at 22–23.)  Plaintiff responds that Defendants acted outside their jurisdiction in various ways that disqualify them for judicial immunity, all revolving around the theme that the Judges improperly exercised their discretion to deny his applications for readmission.  (Dkt. 25-9, at ECF 20–26.)[6]

### A.  Legal Standard

"Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority."  *Caruso v. Zugibe*, 646 F. App'x 101, 105 (2d Cir. 2016) (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988).  "A judge defending against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his [or her] judicial capacity."  *Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir. 1983) (internal citations omitted).  Further, 42 U.S.C. Section 1983 bars injunctive relief against judicial officers "unless a

---

[6] Plaintiff's arguments are difficult for the Court to follow.  He alleges, *inter alia*, that the delegation of responsibility for disciplinary proceedings from the Court of Appeals to the Appellate Divisions is unconstitutional; that the Second Department Judges have invented rules to deny him readmission, including that he retake the MPRE even though he has "met all the requirements"; that his "perfected application" has been denied based on an "unauthorized used [sic] of judicial discretion"; and that the Appellate Division's denials "without offering a reasoned decision" are "tantamount to legislating" and "as insidious as and [sic] *unauthorized* rule" (emphasis in original).  (Dkt. 25-9, at ECF 20–26.)

declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Hahn v. New York*, 825 F. App'x 53, 54–55 (2d Cir. 2020). "Therefore, a judge is immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or in the complete absence of all jurisdiction." *Bracci v. Becker*, No.11-CV-1473 (MAD) (RFT), 2013 WL 123810, at \*5 (E.D.N.Y. Jan. 9, 2013) (cleaned up) (ultimately quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

"In determining whether an act by a judge is 'judicial,' thereby warranting absolute immunity, [courts] are to take a functional approach," considering "whether [an act by a judge] is a function normally performed by a judge," and whether the parties "dealt with the judge in his [or her] judicial capacity." *Bliven v. Hunt*, 579 F.3d 204, 209–10 (2d Cir. 2009) (cleaned up).

### B. Analysis

All of Plaintiff's theories as to how the Judges of the Second Department, Appellate Division acted outside of their jurisdiction in adjudicating his reinstatement claims are foreclosed by New York state law and well-settled precedent, both of which make clear that the Judges are entitled to absolute immunity in this case. *See generally* N.Y. JUD. LAW § 90(2); N.Y. COMP. CODES R. & REGS. tit. 22 § 691.4. "New York law grants the Appellate Divisions and the Court of Appeals jurisdiction over matters of attorney discipline[.]" *McNamara v. Kaye*, No. 06-CV-5169 (DLI) (CLP), 2008 WL 3836024, at \*7 (E.D.N.Y. Aug. 13, 2008) (finding the "disciplinary proceedings such as those that are the subject of this litigation are 'judicial acts'") (citing *Zimmerman v. Grievance Comm. of Fifth Jud. Dist. of State of N.Y.*, 726 F.2d 85, 86 (2d Cir. 1984) ("Disciplinary proceedings before the New York Appellate Division are judicial in nature[.]")). Clearly, determining whether attorneys have satisfied the applicable legal requirements—such as passing the MPRE or obtaining sufficient CLE credit— when they apply for re-admission to the

state's bar or for relief from disciplinary suspension, falls squarely within this jurisdiction. (*See* Dkt. 1, at ECF 35 (Second Judicial Department 12/10/20 letter advising Plaintiff that his motion was "denied with leave to renew upon providing proof of timely passage of the MPRE, as required by 22 NYCRR 1240.16(b), and completion of sufficient CLE credits in accordance with 22 NYCRR 691.11(a)."); N.Y. COMP. CODES R. & REGS. tit. 22 § 1240.16(b) (requiring successful completion of the MPRE within one year of the date of the application).

Accordingly, the Judges of the Second Department are protected by absolute judicial immunity from all of Plaintiff's claims in this case, which are dismissed.

## III.   Defendants' Other Arguments

As Plaintiff's claims have been dismissed against all Defendants for lack of subject-matter jurisdiction, the Court declines to consider the merits of Defendants' arguments that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. (Dkt. 25-5, at ECF 24–32.) The Court also declines to consider Defendants' argument, advanced in their Reply, that Plaintiff's claims fail as insufficiently plead under Rule 12(b)(6). (Dkt. 25-6, at ECF 7–12.)

## IV.   Leave to Amend

Whereas ordinarily the Court would allow Plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez,* 202 F.3d 593, 597–98 (2d Cir. 2000), it declines to do so here, where it is clear from Plaintiff's submission that he cannot establish a basis for this Court's subject matter jurisdiction. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x. 47, 49 (2d Cir. 2013) (finding leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be

12

futile); *Eley v. N.Y.C. Transit Auth.*, No. 14-CV-6886 (PKC), 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014).

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is granted, and all of Plaintiff's claims are dismissed with prejudice and without leave to amend.  The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 31, 2023
       Brooklyn, New York